## A. H. WIGGS v. CITIZENS BANK OF WAVERLY.

Western Section. December 20, 1927.

No petition for Certiorari was filed.

1. **Trial. Variance. Decree selling land on credit of six months instead of cash held not a variance.**
   In an action to foreclose a lien and have the land sold where the bill prayed that the land be sold for cash and in bar of the equity of redemption, and the court ordered the land sold upon a credit of six months, barring the equity of redemption, held there was not such a variance between the allegations of the bill and the prayer of the bill and decree as to render the decree void.

2. **Mortgages. Redemption. Land will not be sold free from the equity of redemption unless it is so prayed.**
   A sale free from the equity of redemption must be applied for in the bill and renewed at the hearing.

Appeal from Chancery Court, Perry County; Hon. J. C. Hobbs, Chancellor.

Affirmed and remanded.

Pearson & Whitewell, of Linden, and C. E. Pigford, of Jackson, for appellee.

A. H. Wiggs, of Linden, and J. A. Greer, of Dyersburg, for appellant.

OWEN, J. The above cause is erroneously styled. It should be the Citizens Bank of Waverly v. A. H. Wiggs.

At a former day of the present term the decree of the lower court was affirmed on motion of appellee for the reason that appellant had not filed his assignments of error in compliance with the rules of this court. Appellant has filed a petition to rehear, and assignments of error.

The complainant recovered a judgment in the lower court upon a note executed by A. H. Wiggs, the defendant, which was the last note due, for a certain tract of land the defendant had purchased from one J. B. Webb, and Webb, before maturity, had transferred and assigned, for a valuable consideration, the note to complainant bank. The decree was for $284.68.

Appellant insists that the court erred in granting a decree and ordering the land for which complainant held a lien sold on a credit of six months and in bar of the equity of redemption. The original bill had prayed that the land be sold for cash in bar of the equity of redemption.

There are three assignments of error, but they all go to the one question, and it is insisted that the decree on a credit of six months in bar of the equity of redemption is a void decree, and a void decree cannot be enforced and should not be affirmed by this court. It is insisted that there is a variance between the allegation or prayer of the bill and the decree. The decree provides that said "sale be made on a credit of six months, and upon the application and request of, will be made in bar of the right and equity of redemption or repurchase, same having been prayed in the bill." Evidently the word "complainant" was omitted in copying the decree. This is not a void decree.

Counsel has cited a number of authorities in support of his contention. We have examined the same, but none of these authorities hold that where a party prays that the land be sold for cash and in bar of the equity of redemption, then the court order the land sold upon a credit of six months, barring the equity of redemption; that that is such a variance between the allegation of the bill and prayer of the bill and decree as to render a decree void.

A sale free from the equity of redemption must be applied for in the bill and renewed at the hearing. Carter v. Baker, 10 Heisk., 640; Thurston v. Belotte et al., 12 Heisk., 249.

Complainant in the instant case prayed for general relief. The fact that the Chancellor refused to allow the land to be sold for cash, but ordered it sold upon a credit, and then not until forty-five days have expired, which time was allowed the defendant in which to satisfy the judgment before a sale would be advertised, all accrued to the benefit of the defendant, and we are of opinion that he has no just cause for complainant as to the decree of the lower court. He had admitted in writing the note sued on and had directed it to be sent to a certain place where it would be paid, unless the complainant would grant an extension by his paying interest.

The petition to rehear is denied.

The decree of September 22, 1927, in this cause, wherein said cause was affirmed and cost adjudged against the appellant and surety on appeal bond for the cost of appeal is modified and decree will be entered here in favor of complainant and against the defendant A. H. Wiggs and his sureties on appeal bond in the sum of $250, the amount of the appeal bond, and all the costs of the cause, including costs of the appeal, for which execution will issue. Upon complainant's application, this cause will be remanded to the chancery court of Perry county for the purpose of selling the land described in the bill, if the judgment herein is not satisfied.

The amount of the judgment in the lower court is $284.68, with interest thereon from March 30, 1927.

Heiskell and Senter, JJ., concur.